UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

        Plaintiff,

v.

WILLIAM SWAIN, et al.,

        Defendants.

CASE NO. 3:16-CV-05380-RJB-DWC

ORDER ON PLAINTIFF'S MOTION TO APPEAL AND EXTEND TIMELINES AND MOTION TO CLARIFY AND COMPEL

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge David W. Christel. Plaintiff David Troupe, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on May 19, 2016. Dkt. 1. Presently pending before the Court is Plaintiff's October 11, 2016 Motion to Appeal and Extend Timelines ("Motion for Extension"), and Plaintiff's October 13, 2016 Motion to Clarify and Compel ("Motion to Clarify"). Dkt. 55, 56.[1] After review of the record, Plaintiff's Motion for Extension and Motion to Clarify are denied.

---

[1] Also pending before the Court are Defendants' Motion to Dismiss and Motion for Summary Judgment, which came ready on October 7, 2016.

### I. Motion for Extension (Dkt. 55)

In the Motion for Extension, Plaintiff requests all deadlines be extended for 90 days or until he is returned to Stafford Creek Corrections Center ("SCCC").[2] Dkt. 55. Defendants filed a response requesting the Motion for Extension be denied. Dkt. 58. Plaintiff filed a document titled "Reply to DOC's Response re: [Summary Judgment]" which also appears to reply to Defendants' response to his Motion for Extension. Dkt. 62.

Plaintiff contends he was transferred from SCCC to Washington State Penitentiary ("WSP") without all his legal documents. He states he was going to be immediately transferred back to SCCC after a court hearing and therefore did not bring his legal documents to WSP. Dkt. 55. Plaintiff was not returned to SCCC. *Id*. Plaintiff requests the extension of time because he does not have his legal documents.

Pursuant to Federal Rule of Civil Procedure 6(b), the Court may normally extend a deadline for good cause. However, if a motion for an extension is made *after* a deadline, the Court may not extend time absent a showing of excusable neglect. Fed.R.Civ.P. 6(b)(1)(B). Here, Plaintiff's response to the Motion to Dismiss was due on September 12, 2016 and Plaintiff's response to the Motion for Summary Judgment was due on October 3, 2016. As Plaintiff signed his Motion for Extension on October 4, 2016, Plaintiff's motion was untimely.

The evidence shows Plaintiff's legal documents were transferred with him from SCCC to WSP. *See* Dkt. 60, Exh. B (Order from the Eastern District of Washington stating Plaintiff asserted all his legal files had been transferred with him from SCCC to WSP); Dkt. 60, Exh. C, Crane Declaration, ¶ 4 (All Plaintiff's legal property traveled with Plaintiff from SCCC to WSP and none of Plaintiff's legal property remains at SCCC); Dkt. 60, Exh. D, Bradley Declaration, ¶¶ 3-4

---

[2] Plaintiff's response to Defendant's Motion to Dismiss was due September 12, 2016, and Plaintiff's response to Defendant's Motion for Summary Judgment was due Monday, October 3, 2016.

1  (Bradley assisted in unloading Plaintiff and Plaintiff's nine legal boxes upon Plaintiff's arrival at
2  WSP, and Plaintiff commented to Bradley he did not understand why all his legal documents were
3  traveling with him to WSP). As the reason Plaintiff alleges he needs an extension of time is
4  because his legal documents are at SCCC, but the record demonstrates Plaintiff's legal documents
5  have been with him at WSP throughout the period at issue, Plaintiff has failed to show either good
6  cause or excusable neglect. Accordingly, Plaintiff's Motion for Extension is denied.

7  **II.   Motion to Clarify (Dkt. 56)**

8  Plaintiff filed the Motion to Clarify on October 13, 2016. Dkt. 56. In the Motion to Clarify,
9  Plaintiff requests the Court compel Defendants' counsel, Daniel Judge, to resend every document
10 filed in this case to Plaintiff. Dkt. 56. He also asks the Court to clarify the status and deadlines of
11 the case and send all records filed from August, 2016 to October, 2016 to Plaintiff. *Id*. Plaintiff
12 states he cannot get access to the records in this case.

13 On September 27, 2016, the day after Plaintiff was transferred to WSP, the Court received
14 notice of his change of address. Dkt. 52. Mailings sent to Plaintiff have not been returned to the
15 Court. Further, as discussed above, the evidence shows Plaintiff's legal documents were
16 transferred with Plaintiff to WSP. Plaintiff has failed to provide an adequate reason which would
17 necessitate Defendants or the Court resending all the documents filed in this case. Accordingly, the
18 Second Motion to Clarify is denied. The Court notes the deadline for completing discovery is
19 February 7, 2017, and the deadline for dispositive motions is March 8, 2017.

20 Dated this 1st day of November, 2016.

David W. Christel
United States Magistrate Judge