|   |   |   |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |
| 6 | | |
| 7 | | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DAVID TROUPE,

           Plaintiff,

   v.

WILLIAM SWAIN, et al.,

           Defendant.

CASE NO. 16-5380 RJB-DWC

ORDER GRANTING MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS

This matter comes before the Court on the Defendants' Motion to Revoke Plaintiff's In Forma Pauperis ("IFP") Status. Dkt. 97. The Court has considered the pleadings filed regarding the motion and the remaining record.

**FACTS**

On June 3, 2016, Plaintiff's application for IFP was granted. Dkt. 6. On June 5, 2017, this Court adopted the Report and Recommendation of U.S. Magistrate Judge David W. Christel (Dkt. 92), summarily dismissed all Plaintiff's claims, found the case to be "malicious and frivolous," and counted the dismissal as a strike pursuant to 28 U.S.C. § 1915(g) (Dkt. 93). The

facts are in the Report and Recommendation (Dkt. 92, at 1-6) and are adopted here.  Plaintiff filed a Notice of Appeal on June 20, 2017.  Dkt. 95.

The Defendants now move for revocation of Plaintiff's IFP status, arguing that Plaintiff now has four strikes under 28 U.S.C. § 1915(g), and that this appeal is not taken in good faith. Dkt. 97.

## DISCUSSION

Under Fed. R. App. P. 24 (a)(3):

> A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court--before or after the notice of appeal is filed--certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding . . .

Plaintiff's IFP status should be revoked.  For the reasons provided in the Order Adopting the Report and Recommendation (Dkt. 93) and in the Report and Recommendation (Dkt. 94), this appeal is not taken in good faith.

Moreover, Plaintiff "is otherwise not entitled to proceed in forma pauperis."  Under § 1915 (g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In addition to the strike in this case, Plaintiff now has three other strikes under 28 U.S.C. § 1915(g): (1) *Troupe v. Woods,* Western District of Washington case 16-5077 RBL-DWC (Dkts. 96 and 101); (2) *Troupe v. Swain,* Western District of Washington case 14-5886 BHS-KLS

1  (Dkts. 14 and 16); and (3) *Troupe v. Evenson,* Eastern District of Washington case 13-5037 EFS

2  (Dkt. 11).  Defendants' Motion to Revoke Plaintiff's IFP status (Dkt. 97) should be granted.

3  **<u>ORDER</u>**

4  Accordingly, it is **ORDERED** that:

5  - The Defendants' Motion to Revoke Plaintiff's In Forma Pauperis Status (Dkt. 97)

6  **IS GRANTED**; and

7  - Plaintiff's in forma pauperis status **IS REVOKED**.

8  The Clerk is directed to send uncertified copies of this Order to U.S. Magistrate Judge

9  Christel, all counsel of record, and to any party appearing *pro se* at said party's last known

10 address.

11 Dated this 21st day of July, 2017.

_____
ROBERT J. BRYAN
United States District Judge